## CIRCUIT COURT OF LOUDOUN COUNTY

Dulles Industrial Associates
General Partnership

v.

Loudoun County Board of Supervisors

May 22, 1995

Case No. (Law) 14859

BY JUDGE THOMAS D. HORNE

Petitioner taxpayer seeks to challenge the validity of certain real estate assessments relating to approximately one hundred and fifty acres of unimproved land located in eastern Loudoun County. At issue are the assessments for tax years 1990, 1991, and 1992. The Petition asserts the assessments for those years are violative of Article X, §§ 1 and 2, of the Constitution of Virginia and § 58.1-3984 of the Code of Virginia, in that they exceed fair market value and are otherwise invalid or illegal. In its Amended Grounds of Defense, the County has denied the invalidity of the assessments and alternatively requested that in the event such assessments are found infirm, that they be increased for the respective tax years. § 58.1-3987, Code of Virginia. It suggests that the original assessments failed to properly consider the amount of flood plain on the tract and, accordingly, should be revised upward.

This case is reflective of the varying opinions of value which experts may hold when presented with limited market data, a changing economy, and raw undeveloped land zoned for future development.

The instant parcel consists of 150.6366 acres of land fronting on the easterly side of Route 28 near the Dulles International Airport in Loudoun County, Virginia. It is zoned PD-IP industrial. This zoning would permit future development of the tract for light and medium industrial uses. Public water, sewer, electricity, and telephone are available to the site.

Both the Petitioner and the County are in agreement that during the tax years in question, the market for undeveloped land zoned for development in the area went into a period of decline. They differ as to the date when such decline began and the extent of the decline. Limited market data is available upon which to make a comparable sales analysis to value.

The highest and best use of the property would be for investment holding until such time as the market would permit development in accordance with existing zoning, subdivision, and special permit approvals for the site. Contrary to the position taken by the taxpayer, the Court does not find the opinion of the County's expert to involve speculative considerations of future uses for the property. Cf. *Fruit Growers v. Alexandria*, 216 Va. 602 (1976). Thus, Mr. Harvey, the expert employed by the County states:

> [t]he current value of the land is a function of its future highest and best use . . . [t]o be maximally productive, the timing of the subject's development should coincide with continued improvement in local market conditions as well as seasonal demands . . .
>
> > [t]herefore, it is our opinion that the highest and best use of the subject property would be the development and improvement of the property in accordance with the limitations imposed by (i) the regulations for the PD-IP district, (ii) the conditions imposed by the subjects approved preliminary subdivision approval, identified as SBLP 1988-0063, and (iii) the conditions imposed by the subject's approved special exception approval, identified as SPEX 1991-0033.

Petitioner's expert, Mr. Reed, concludes:

> [c]onsidering the factors involved, it is my opinion the highest and best use of the property is for investment holding until supply and demand stabilizes and development at the highest possible density is feasible.

There is a clear presumption that the assessments for the three tax years are valid. *Smith v. Board of Supervisors*, 234 Va. 250 (1987). Absent a showing of manifest error or a total disregard of controlling evidence in the making of the assessment, Petitioner's claims for relief must fail. *Board of Supervisors v. Donatelli & Klein, Inc.*, 228 Va. 620 (1985).

In the instant case, the Court finds that Petitioner has failed to sustain its burden as to each of the applicable tax years and will dismiss the Application.

Counsel for the Petitioner suggests that the Court should reject the mass appraisal technique utilized by the assessor in valuing the subject parcel. Such a technique involves a market-based approach in which parcels are identified as having similar characteristics to the subject parcel and then adjustments made for location, time, and topography, to arrive at a "benchmark" valuation by which the flood plain and non-flood plain acreage of Petitioner's land is assessed. Such a technique is neither invalid nor inappropriate to a determination of fair market value. See, *Fairfax County v. Leasco*, 221 Va. 158 (1980).

In rejecting the claim of the Petitioner, the Court has given consideration to the subsequent sale of the property as an indicator of market trends. The sales price as of April 16, 1993, is a factor, along with the other evidence in the case, to be considered in determining whether the presumption of validity of the assessments for the disputed tax years has been overcome. Similarly, while the Court has considered the testimony of Mr. Bolan, a witness for the Petitioner, as to the market trends, it does not find such evidence to be persuasive of the taxpayer's position.

The assessments in this case were "within the range of a reasonable difference of opinion." *City of Richmond v. Gordon*, 224 Va. 103, 112 (1982). Accordingly, the Application will be denied and the case dismissed and removed from the docket. Finding no error in the assessments complained of, the County's request for an increase in the assessments for the applicable tax years is denied.